# UNITED STATES DISTRICT COURT
## for the
## DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| _____ | ) | |
| **MARK PETERSON** | ) | |
|     **Plaintiff** | ) | |
| | ) | **Civil Action** |
| **V.** | ) | |
| | ) | **No. _____** |
| **O'HARA CORPORATION** | ) | |
|     **Defendant** | ) | |
| _____ | ) | |

## PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

Now comes the Plaintiff in the above-entitled matter and for his complaint states:

### General Factual Allegations

1. The Plaintiff, Mark Peterson, is a resident of Thomaston, County of Knox, State of Maine.

2. The Defendant, O'Hara Corporation, is a corporation, duly organized and existing under the laws of the State of Maine.

3. On or about February 10, 2020, the Defendant, O'Hara Corporation, was doing business within the Commonwealth of Massachusetts.

4. On or about February 10, 2020, the Plaintiff, Mark Peterson, was employed by the Defendant, O'Hara Corporation

5. On or about February 10, 2020, the Plaintiff, Mark Peterson, was employed by the Defendant, O'Hara Corporation, as a seaman, and a member of the crew of the F/V ARCTURUS.

6.      On or about February 10, 2020, the Defendant, O'Hara Corporation, owned the F/V ARCTURUS.

7.      The Defendant, O'Hara Corporation, chartered the F/V ARCTURUS from some other person or entity such that on or about February 10, 2020 the Defendant, O'Hara Corporation was the owner pro hac vice of the F/V ARCTURUS.

8.      On or about February 10, 2020, the Defendant, O'Hara Corporation, operated the F/V ARCTURUS.

9.      On or about February 10, 2020, the Defendant, O'Hara Corporation, or the Defendant's agents, servants, and/or employees, controlled the F/V ARCTURUS.

10.      On or about February 10, 2020, the F/V ARCTURUS was in navigable waters.

11.      On or about February 10, 2020, while in the in the performance of his duties in the service of the F/V ARCTURUS, the Plaintiff, Mark Peterson, sustained personal injuries.

12.      Prior to and at the time he sustained the above-mentioned personal injuries, the Plaintiff, Mark Peterson, was exercising due care.

### Jurisdiction

13.  This Court has subject matter jurisdiction over this matter pursuant to The Merchant Marine Act of 1920, commonly called the Jones Act, 46 U.S.C., §30104 , et. seq. (formerly §688 et. seq.).

14.      This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §1331 and alternatively 28 U.S.C. §1333.

## COUNT I

### Mark Peterson v. O'Hara Corporation

### (JONES ACT NEGLIGENCE)

15.     The Plaintiff, Mark Peterson, reiterates the allegations set forth in paragraphs 1 through 14 above.

16.     The personal injuries sustained by the Plaintiff, Mark Peterson, were not caused by any fault on his part but were caused by the negligence of the Defendant, its agents, servants and/or employees.

17.     As a result of said injuries, the Plaintiff, Mark Peterson, has suffered pain of body and anguish of mind, lost time from his usual work and pursuits, incurred medical expenses, and has sustained and will sustain other damages as will be shown at trial.

18.     This cause of action is brought under the Merchant Marine Act of 1920, commonly called the Jones Act.

WHEREFORE, the Plaintiff, Mark Peterson, demands judgment against the Defendant, O'Hara Corporation, in an amount to be determined by a jury together with interest and costs.

## COUNT II

### Mark Peterson v. O'Hara Corporation

### (GENERAL MARITIME LAW  -  UNSEAWORTHINESS)

19.     The Plaintiff, Mark Peterson, reiterates the allegations set forth in paragraphs 1 through 14 above.

20.     The personal injuries sustained by the Plaintiff, Mark Peterson, were due to no fault of his, but were caused by the Unseaworthiness of the F/V ARCTURUS.

21.     As a result of said injuries, the Plaintiff, Mark Peterson has, suffered pain of body and anguish of mind, lost time from his usual work and pursuits, incurred medical expenses, and has sustained and will sustain other damages as will be shown at trial.

22.     This cause of action is brought under the General Maritime Law for Unseaworthiness and is for the same cause of action as Count I.

WHEREFORE, the Plaintiff, Mark Peterson, demands judgment against the Defendant, O'Hara Corporation, in an amount to be determined by a jury together with interest and costs.

## COUNT III

### Mark Peterson v. O'Hara Corporation

### (GENERAL MARITIME LAW - MAINTENANCE and CURE)

23.     The Plaintiff, Mark Peterson, reiterates all of the allegations set forth in Paragraphs 1 through 14 above.

24.     As a result of the personal injuries described in paragraph 11 above, the Plaintiff, Mark Peterson, has incurred and will continue to incur expenses for his maintenance and cure.

WHEREFORE, the Plaintiff, Mark Peterson, demands judgment against the Defendant, O'Hara Corporation, in the amount of $200,000 for maintenance and cure, together with costs and interest.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES**

**RAISED IN COUNTS, I, II AND III.**

Respectfully submitted for the
the Plaintiff, Mark Peterson,
by his attorney,


/c/ Carolyn M. Latti
Carolyn M. Latti
BBO #567-394
Latti & Anderson LLP
30-31 Union Wharf
Boston, MA 02109
(617) 523-1000


Dated: December 11, 2020